IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **HILLARY B CRANFORD** *Individually and as Administratrix of the Estate of* CARLOS GIOVANNI VIELMA ESTRADA**,** | : : : : | |
| **Plaintiff,** | : : | |
| **v.** | : : | **CASE NO:** **7:25-cv-25–WLS** |
| **AUTOMATION & ELECTRONICS (USA) LIMITED,** | : : : : | |
| **Defendant.** | : : : | |
| _____ | : : | |
| **AUTO-OWNERS INSURANCE COMPANY,** | : : : | |
| **Plaintiff,** | : : | |
| **v.** | : : : | **CASE NO:** **7:25-cv-128–LAG** |
| **AUTOMATION & ELECTRONICS (USA) LIMITED, and** **HILLARY B CRANFORD** *Individually and as Administratrix of the Estate of* CARLOS GIOVANNI VIELMA ESTRADA**,** | : : : : : : | |
| **Defendants.** | : : | |
| _____ | : | |

## ORDER

Before the Court in, Case No. 7:25-cv-25–WLS ("Tort Action"), is Plaintiffs' Motion to Consolidate Related Declaratory Judgment Action (Doc. 16) ("Motion to Consolidate"), filed December 16, 2025. Therein, pursuant to Federal Rule of Civil Procedure 42(a), Hillary B. Cranford, Individually and as Administratix of the Estate of Carlos Giovanni Vielma Estrada ("Cranford"), requests the Court consolidate the Tort Action with *Auto-Owners Insurance Co. v. Automation & Electronics (USA) Limited, et al.*, No. 7:25-cv-128–LAG ("Dec

1

Action") which is also pending in this Court before Chief United States District Court Judge Leslie A. Gardner. For the following reasons, the Motion to Consolidate the cases is **GRANTED IN PART** and **DENIED IN PART**.

## I.   BACKGROUND

On March 10, 2025, Cranford filed the Tort Action, a civil tort and strict product liability action for the wrongful death of Carlos Giovanni Vielman Estrada. Therein, Cranford alleges claims of strict products liability, negligence, failure to warn, and negligent hiring, training, and supervision against Defendant Automation & Electronics (USA) Limited ("A&E"). A discovery conference was held on July 8, 2025, and a Discovery/Scheduling Order, as amended (Docs. 11 & 15), sets the following deadlines: a discovery deadline of August 3, 2026, dispositive motion deadline of September 8, 2026, Cranford's disclosure of experts by April 15, 2026, and A&E's disclosure of experts by May 6, 2026. Per the Motion to Consolidate, Cranford and A&E have been conducting discovery, have exchanged initial written discovery, conducted two depositions, and anticipate taking additional depositions in early 2026. (Doc. 16 ¶ 3).

On October 15, 2025, Auto-Owners Insurance Company ("Auto-Owners"), A&E's insurer, filed the Dec Action against A&E and Cranford asserting it is not contractually obligated to indemnify or defend A&E as to any potential judgment rendered against A&E in the Tort Action. On December 22, 2025, a Scheduling and Discovery Order (Dec Action Doc. 12) was entered setting the same deadlines as those set in the Tort Action with the exception that dispositive motions in the Dec Action are due no later than September 3, 2026.

Cranford filed the Motion to Consolidate in the Tort Action on December 16, 2025, and a Notice of the Motion to Consolidate was filed in the Dec Action on that same date. On January 6, 2026, Auto-Owners filed a Response to the Motion to Consolidate (Doc. 17) ("Response") in which it "absolutely" opposes consolidation of the cases for purposes of trial or summary adjudication. (*Id.* at 4). Alternatively, Auto-Owners contends that if the cases are consolidated, that they be consolidated for purposes of discovery only. (*Id.* at 6). Cranford filed a timely reply on January 19, 2026, pointing out that the Motion to Consolidate requested consolidations for discovery purposes. (Doc. 3 at 3). However, the Court notes that in the

prayer for relief, Cranford requests the cases be consolidated for "discovery and pre-trial purposes" (Doc. 16 at 7)—which would include summary adjudication. A&E did not file a timely response to the Motion to Consolidate. The Court considers briefing on the Motion to Consolidate closed and the matter ripe for decision.

## II.   LAW

Federal Rule of Civil Procedure 42(a)(2) allows for consolidation of cases if they involve a common question of law or fact. Rule 42 "codifies a district court's inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995) (internal quotation marks omitted). The power to consolidate "vests a purely discretionary power in the court." *Id.* A common question of law or fact between the cases is a prerequisite for consolidation. Fed. R. Civ. P. 42(a).

## III.   ANALYSIS

Cranford contends that the Tort Action and Dec Action will be determined based on the outcome of discovery of the exact same factual scenario involving the actions of A&E's representatives at the time of the incident that resulted in Mr. Estrada's death. According to Cranford, the depositions of multiple—at least seven—witnesses will need to be taken in both cases.

In reviewing a motion to consolidate, the Court may consider the procedural postures of the cases. *Lancer Ins. Co. v. Hitts*, No. 5:09-CV-302 (CAR) 2010 WL 2867836, at *4 (M.D. Ga. Jul. 20, 2010) (considering the procedural posture of the two cases and finding consolidation "will not create greater efficiencies of scale" where discovery was completed and a motion for summary judgment pending in the declaratory action, but discovery was still ongoing in the underlying litigation). Unlike *Lancer*, the procedural postures of the cases here are essentially the same. The discovery deadline for both cases is set for Monday, August 3, 2026; Cranford's and Auto-Owners' (as Plaintiffs) deadlines to disclose expert witnesses are the same—Wednesday, April 15, 2026, and Cranford's and A&E's (as Defendants) deadline to disclose experts are set at Wednesday, May 6, 2026. In fact, the dispositive motion deadline

in the Tort Action is Tuesday, September 8, 2026—five days longer than that set for Auto-Owners in the Dec Action, which is Thursday, September 3, 2026.

Although the deadlines are essentially the same in both cases, the initial Discovery/Scheduling Order (Doc. 11) was entered on July 9, 2025, in the Tort Action and Cranford and A&E have exchanged written discovery requests and responses and have taken two depositions. Auto-Owners did not receive notice of this discovery, and thus, did not have the opportunity to participate before the depositions took place.

Auto-Owners states that during the Rule 26(f) conference in the Dec Action—held on December 19, 2025—Cranford represented that completed discovery from the Tort Action would be provided to Auto-Owners. However, as of the date of its Response, January 6, 2026, Auto-Owners had not received copies of any written discovery, deposition transcripts, or documents produced in the Tort Action. In addition, because discovery from the Tort Action has not been provided, and it has not had the opportunity to conduct its own initial written discovery or to otherwise prepare, Auto-Owners states it is wholly unprepared, and would be prejudiced, if it were to proceed with depositions within the first months of 2026 as proposed by Cranford and A&E in the Tort Action.

As noted above, Auto-Owners absolutely objects to consolidation of the cases for purposes of trial or summary adjudication, but states that if the cases are consolidated, it should be for discovery purposes only. (Doc. 17 at 4). Auto-Owners further argues that consolidation for discovery purposes should only be allowed if (1) Auto-Owners is provided with all discovery exchanged in the Tort Action and given a reasonable time to review such discovery before any other depositions are scheduled or taken, and (2) Auto-Owners is permitted to take the depositions of any parties or witnesses who were already deposed. (Doc. 17 at 7–8). The Plaintiffs do not oppose Auto-Owners' requests.

Based on the above factors in these proceedings, the Court finds that the Tort Action and the Dec Action involve common questions of fact. The Court further finds that consolidating the cases for discovery will likely create greater efficiency and prevent duplicative discovery disputes and the potential for inconsistent decisions as to discovery. Thus, the Court finds that limited consolidation pursuant to Rule 42(a) for purposes of discovery only is appropriate at this time.

## IV.   CONCLUSION

Accordingly, the Plaintiffs' Motion to Consolidate Related Declaratory Judgment Action (Doc. 16) is **GRANTED IN PART** and **DENIED IN PART**. Cases No. 7:25-cv-25 and Case No. 7:25-cv-128 are, therefore, **ORDERED** consolidated for purposes of discovery. All future discovery-related motions in Case No. 7:25-cv-128 shall be filed under Case No. 7:25-cv-25. The Motion to Consolidate is **DENIED** to the extent Plaintiffs seek to consolidate the cases for trial or summary adjudication purposes, and all dispositive motions, including, but not limited to motions to dismiss and/or motions for summary judgment shall be filed in their respective case. Counsel for all Parties shall immediately confer, and on or before **Friday, May 1, 2026**, the Parties shall file in Case No. 7:25-cv-25 such appropriate motion, if any, to inform the Court of any need to amend the existing discovery schedules.

**SO ORDERED**, this 22nd day of April 2026.

**/s/ W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

**/s/ Leslie A. Gardner**
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

5