**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **HILLARY B CRANFORD**<br>*Individually and as Administratrix of the Estate of*<br>CARLOS GIOVANNI VIELMA ESTRADA,<br><br>**Plaintiff,**<br><br>**v.**<br><br>**AUTOMATION & ELECTRONICS (USA) LIMITED,**<br><br>**Defendant.** | : | **CASE NO:**<br>**7:25-cv-25–WLS** |
| **AUTO-OWNERS INSURANCE COMPANY,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**AUTOMATION & ELECTRONICS (USA) LIMITED, and**<br>**HILLARY B CRANFORD**<br>*Individually and as Administratrix of the Estate of*<br>CARLOS GIOVANNI VIELMA ESTRADA,<br><br>**Defendants.** | : | **CASE NO:**<br>**7:25-cv-128–LAG** |

## ORDER

Before the Court in these cases, which are consolidated for discovery purposes only, is Hillary B. Cranford, Individually and as Administatix of the Estate of Carlos Giovanni Vielma Estrada's Motion for Enforcement of Scheduling Order and to Exclude any Untimely Disclosed Experts and Incorporated Memorandum of Law (Doc. 21) ("Motion to Enforce"). The Motion to Enforce was filed May 1, 2026. Therein, Hillary B. Cranford, Individually and as Administratix of the Estate of Carlos Giovanni Vielma Estrada ("Cranford"), requests (1)

the Court enforce the Scheduling and Discovery Order (Dec Action Doc. 12) ("Dec Scheduling Order") that is in place in *Auto-Owners Insurance Co. v. Automation & Electronics (USA) Limited, et al.*, No. 7:25-cv-128–LAG ("Dec Action"), (2) objects to any amendment or modification of the Dec Scheduling Order, and (3) moves to strike and exclude testimony from any expert witness Auto-Owners might seek to disclose after the April 15, 2026 deadline set in the Dec Scheduling Order.[1] For the following reasons, the Motion to Enforce is **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

On March 10, 2025, Cranford filed Case No. 7:25-cv-25–WLS ("Tort Action"), a civil tort and strict product liability action for the wrongful death of Carlos Giovanni Vielman Estrada ("Estrada"). Therein, Cranford alleges claims of strict products liability, negligence, failure to warn, and negligent hiring, training, and supervision against Defendant Automation & Electronics (USA) Limited ("A&E"). A discovery conference was held on July 8, 2025, and a Discovery/Scheduling Order, as amended (Tort Action Docs. 11 & 15), sets the following deadlines in the Tort Action: a discovery deadline of August 3, 2026, dispositive motion deadline of September 8, 2026, Cranford's disclosure of experts by April 15, 2026, and A&E's disclosure of experts by May 6, 2026.

On October 15, 2025, Auto-Owners Insurance Company ("Auto-Owners"), A&E's insurer, filed the Dec Action against A&E and Cranford asserting it is not contractually obligated to indemnify or defend A&E as to any potential judgment rendered against A&E in the Tort Action. On December 22, 2025, the Dec Scheduling Order was entered setting the same deadlines as those set in the Tort Action with the exception that dispositive motions in the Dec Action are due no later than September 3, 2026, and, as discussed below, deadlines for disclosure of rebuttal experts and supplement expert reports are set in the Dec Action. Auto-Owners is not a party to the Tort Action.

[1] The Court notes that Cranford purports to file the Motion to Enforce on behalf of herself and Automation & Electronics (USA) Limited ("A&E"), a Defendant in both cases. However, the Motion to Enforce is not signed by counsel on behalf of A&E and thus, the Court does not consider A&E a party to such motion.

By Order (Doc. 20) entered April 22, 2026, the Tort Action and Dec Action were consolidated for discovery purposes only. All discovery-related motions in either case were ordered to be filed in the Tort Action. Counsel for all Parties were ordered to immediately confer, and on or before May 1, 2026, to file such motion as they deemed appropriate, if any, to inform the Court of any need to amend the existing discovery schedules.

According to the Motion to Enforce, on April 29, 2026, counsel for Cranford, Auto-Owners and A&E conferred by telephone and were unable to agree whether discovery deadlines should be amended in the consolidated cases. (Doc. 21 at 2).[2]

On May 1, 2026, Cranford filed the instant Motion to Enforce requesting that the current deadlines set out in the Dec Scheduling Order be retained. (Doc. 21 at 3). Cranford states that during the April 29, 2026 phone conference, counsel for Auto-Owners indicated she wished to extend discovery deadlines by six to eight weeks. Cranford's counsel opposed the request because Auto-Owners, as Plaintiff in the Dec Action, had already missed the April 15, 2026 deadline to disclose expert witnesses. (Doc. 21 at 2). Neither A&E nor Auto-Owners filed a timely motion requesting any amendments to the Dec Scheduling Order which provides the following deadlines for disclosure of experts:

1. Plaintiff Auto-Owners' case-in-chief: Wednesday, April 15, 2026;
2. Defendants Cranford's & A&E's case-in-chief: Wednesday May 6, 2026;
3. Rebuttal experts: thirty days after a party's case-in-chief disclosures pursuant to Fed. R. Civ. P. 26(a)(2)(D)(ii)—
    a. Defendants Cranford's & A&E's rebuttal deadline: Friday, May 15, 2026;
    b. Plaintiff Auto-Owners' rebuttal deadline: Friday, June 5, 2026; and
4. Supplemental reports: Monday, June 1, 2026, pursuant to Fed. R. Civ. P. 26(a)(2)(B)).

(Dec Action Doc. 12 at 1–2).

As Cranford notes, discovery was not stayed in either case during the pendency of the motion to consolidate, and the Record reflects that no party requested such a stay. According to Cranford, Auto-Owners requested from Cranford copies of all discovery in the Tort Action. On January 7, 2026, and March 18, 2026, Cranford provided requested discovery to Auto-

[2] No motions to amend the Discovery/Scheduling Order, as amended (Docs. 11 & 15), in the Tort Action were filed by the May 1, 2026 deadline.

Owners, including deposition transcripts and exhibits, subpoenaed documents from nonparties Cooper Machine and Mulch Manufacturing, discovery obtained from A&E, and the investigative file of the Clinch County Sheriff, including photographs.[3] Cranford states that Auto-Owners did not take any depositions during the time the motion to consolidate was pending, although it proceeded with written discovery.

Auto-Owners contends that it sought an extension of the expert disclosure deadlines during the parties' April 29, 2026, phone conference, not for itself, but to accommodate A&E's prior request to Auto-Owners for a six-week extension of A&E's May 6, 2026, expert disclosure deadline in the Dec Action. Regardless of Auto-Owners' intent or whether it communicated its willingness to extend A&E's deadline prior to the phone conference, it appears nothing was finalized as to A&E's request and A&E's expert disclosures were timely provided on the original deadline of May 6, 2026. (*See* Doc. 22 at 5 (referencing Auto-Owners evaluating Defendants' May 6, 2026, expert disclosures) and Doc. 23 at 4 (indicating Cranford and A&E disclosed their case-in-chief experts in the Dec Action by the required May 6, 2026 deadline).

Even though it did not respond to the Court's Order for it to inform the Court by May 1, 2026, of any need to amend the existing discovery schedules, in its Response (Doc. 22) filed May 21, 2026, Auto-Owners now requests a thirty-day extension of its deadline to disclose rebuttal witnesses. It argues that the extension is needed because while the motion to consolidate was pending, A&E moved forward with taking depositions in the Tort Action without notice to Auto-Owners. (Doc. 22 at 4). As of May 21, 2026, the date of filing its Response, Auto-Owners was reviewing all discovery that has already been completed in the Tort Action "with an eye towards streamlining any remaining discovery by evaluating what

[3] Specifically, On January 7, 2026, Cranford, with consent of A&E provided via Dropbox link the following documents to Auto-Owners' counsel: (a) discovery responses of A&E; (b) amended discovery responses of A&E; (c) second amended discovery responses of A&E; (d) subpoenaed documents from Cooper Machine; (e) subpoenaed documents from Mulch Manufacturing; (f) transcript and exhibits of Brandon Wilson deposition; and (g) transcript and exhibits of Brian Meier deposition. (Doc. 21 at 4). On March 18, 2026, Cranford forwarded the following additional discovery to Auto-Owners via Dropbox link: (a) the investigation file of the Clinch County Sheriff, including photographs; (b) transcript and exhibits of Brandon Wilson deposition (a second time); (c) transcript and exhibits of Brian Meier deposition (a second time); (d) transcript and exhibits of Frances Cooper deposition; (e) transcript and exhibits of Ana Elana Carney (widow) deposition; and (f) draft transcript of Jordan Rowe's deposition

witnesses may need to be deposed again, in conjunction with evaluating [A&E's and Cranford's] May 6, 2026 expert disclosures." As noted above, Cranford provided Auto-Owners with substantial discovery from the Tort Action on January 7, 2026, and March 18, 2026. Auto-Owners has not explained why it is "in the process of reviewing" such discovery on May 21, 2026, and why it was not able to meet the April 15, 2026 deadline for disclosure of its expert witnesses. In addition, on April 29, 2026, Auto-Owners knew Cranford was not amenable to extending the expert discover deadlines. Yet Auto-Owners still missed the June 5, 2026 deadline to disclose any rebuttal witnesses, and most significantly, the Court's May 1, 2026 deadline to notify the Court of any extensions it thought were necessary.

Based on the foregoing, the Court finds that an extension of the expert witness discovery deadlines is not warranted in either the Tort Action or the Dec Action.

Accordingly, Cranford's Motion to Enforce (Doc. 21) is **GRANTED** to the extent that the Scheduling and Discovery Order (Dec Action Doc. 12) and the Discovery/Scheduling Order, as amended (Tort Action Docs. 11 & 15) shall remain in effect without changes at this time. The request that the Court strike and exclude testimony from any expert witness Auto-Owners might seek to disclose after the April 15, 2026 deadline is **DENIED, WITHOUT PREJUDICE**, as premature because neither Cranford nor A&E assert that Auto-Owners has sought to disclosure any such expert witness.

**SO ORDERED**, this 28th day of July 2026.

**/s/W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**